## CIRCUIT COURT OF HENRICO COUNTY

Trimyer et al.

v.

Commonwealth of Virginia

November 19, 1984

Case Nos. 83-L-387, 84-L-73, 84-L-224

By JUDGE E. BALLARD BAKER

The question presented by counsel is what is the maximum liability of the Commonwealth under the "Virginia Tort Claims Act." V.C. § 8.01-195.1 -- § 8.01-195.8.

The Tort Claims Act was passed by the General Assembly in 1981. Prior to that time, the Commonwealth was immune from liability for tort claims. As the Commonwealth acts only through its agents and employees this immunity meant that the Commonwealth was not liable for acts of negligence of its agents or employees. Such agents or employees themselves did not have the same immunity; under certain circumstances they could be liable for their torts.

The Tort Claims Act did away with the immunity of the Commonwealth; as to agents and employees their "individual immunity. . . is. . . preserved to the extent and degree that such persons presently are immunized." (Section 8.01-195.3).

The Tort Claims Act accomplished the end of the Commonwealth's immunity by providing that

> [T]he Commonwealth shall be liable. . . on account of damage. . . caused by the negligent or wrongful act or omission of any state employee while acting in the scope of his employment under circumstances where the Commonwealth, if a private person, would be liable to the claimant. (§ 8.01-195.3).

These words end the immunity of the Commonwealth. The Act then goes on to say:

> [H]owever, the Commonwealth shall not be liable for interest prior to judgment or for punitive damages, nor shall the amount recoverable by any claimant exceed $25,000.00, *or the maximum limits of any liability policy maintained to insure against such negligence or other tort, if such policy is in force at the time of the act or omission complained of, whichever is greater*, exclusive of interest and costs. (Italics added).

The plaintiffs ask the Court to rule that:

> [T]he maximum liability of the defendant, Commonwealth of Virginia, is not limited to $25,000.00 and that judgment may be entered on any verdict in excess of $25,000.00.

The Commonwealth argues that it has a maximum liability of $25,000.00 under the Tort Claims Act.

Plaintiffs rely on the words underscored in the above quoted part of § 8.01-195.3.

Under this section it appears:

(1) The Commonwealth is liable for claims for money on account of damage caused by the negligent act of its employees in the scope of their employment;

(2) The "amount recoverable by any claimant" shall not exceed

    (a)    $25,000.00

            or

    (b)    Maximum limits of any liability policy maintained to insure against such negligence.

The statute is dealing with the liability of the Commonwealth. The whole purpose of the Tort Claims Act is to have the Commonwealth be liable where it had not before been liable. And this newly imposed liability flows from acts of negligence of its employees.

Having ended the Commonwealth's immunity, the Act then puts a limit on the amount recoverable. This amount is $25,000.00 or the limits of a liability policy insuring

against "such negligence," the negligence of an employee for which the Commonwealth is liable.

The $25,000.00 limit is not based upon any insurance coverage. This amount can be recovered from the Commonwealth be there any insurance or not.

The limitation based on limits of a liability policy is urged by the plaintiffs to cause the Commonwealth's liability to be the maximum of any liability policy maintained by the Commonwealth providing coverage for employees for their negligence. There is a policy with limits up to $1,000,000.00 or more covering employees of the Commonwealth. Plaintiffs argue that as an employee's negligence is covered to this extent, this same monetary amount is the maximum amount recoverable against the Commonwealth.

The effect of this argument is that it would increase the liability of the Commonwealth to $1,000,000.00 or whatever the maximum coverage was for an employee, but there would be no insurance coverage for the Commonwealth. Liability coverage for an employee of the Commonwealth is not liability coverage for the Commonwealth.

The Tort Claims Act ended the Commonwealth's complete immunity. The General Assembly then went on to provide a maximum amount recoverable from the Commonwealth for negligence of its employees, $25,000.00 or limits of an insurance policy. To say that the Commonwealth is liable to the maximum amount of an insurance policy covering its employees but not covering the Commonwealth is to say too much.

In the judgment of this Court, the limitation applicable to an insurance policy means an insurance policy providing coverage for the Commonwealth. The Act deals with the Commonwealth's immunity and liability and the amount recoverable from it.

The maximum amount which can be recovered against the Commonwealth is $25,000.00 or the limits of an insurance policy covering the Commonwealth.

Counsel for the plaintiffs submitted to the Court two insurance policies: Exhibit 1 covers the "Commonwealth of Virginia" as the Named Insured and provides coverage of $25,000.00 each claim, $1,000,000.00 annual aggregate." Exhibit 2 covers "Employees of the Commonwealth of Virginia" as the Named Insured and provides coverage of "$1,000,000.00 each person, $1,000,000.00 each occurrence, $1,000,000.00 aggregate."

The maximum amount recoverable against the Commonwealth in these cases is $25,000.00 for each claim, there being no liability coverage providing higher coverage to the Commonwealth.